Ramona MOIX-McNUTT *v.* Robert J. BROWN

01-283                                                         45 S.W.3d 384

Supreme Court of Arkansas
Opinion delivered June 14, 2001

*McNutt Law Firm*, by: *Mona J. McNutt*, for appellant.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *M. Stephen Bingham*, for appellee.

PER CURIAM. Appellant Ramona Moix-McNutt moves to supplement the record in this matter with the following items:

(a) A subpoena filed September 19, 2000, summoning the Honorable James G. Mixon to deposition.

(b) Appellee Brown's motion to stay discovery pending a decision on his motion to dismiss. The motion for stay was filed September 25, 2000.

(c) Appellant Moix-McNutt's response to the motion for stay. The response was filed on September 26, 2000.

Though Moix-McNutt designated the entire record in her notice of appeal, she claims that these items were not included. She further claims that discovery was stayed by order of the trial court.

Appellee Brown responds and asserts that the subpoena for Judge Mixon scheduling his deposition was not required to be included in the record. He further contends that the motion for stay and response were included in the record and, thus, a motion to supplement the record is not necessary. Finally, he claims that no order for a stay of discovery was entered by the trial court, but, rather, the appellant voluntarily postponed Judge Mixon's deposition.

Appellant Moix-McNutt replies that her copy of the record does not include the motion for stay and the response because her copy does not include pages 51 to 61. Moreover, she maintains that she only agreed to postpone Judge Mixon's deposition after the trial judge requested that she do so. She says that she expected the "request" to be entered as an order of the court and denies that she voluntarily postponed the deposition. She attaches to her reply letters from her counsel and a legal assistant that state that the trial court requested the postponement.

■ With respect to the motion for stay and the response, appellee Brown is correct that these items are in the record on file with the Clerk of this court. Accordingly, the motion to supplement the record with these items is denied.

■ With respect to the subpoena of Judge Mixon and the allegation that the trial court requested that the deposition of Judge Mixon be postponed, we remand the matter to the trial court to settle the record pursuant to Ark. R. App. P.—Civ. 6(d) and 6(e).